NOTE CHANGES MADE BY THE COURT

NOTE CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN P. TROXLER and SUSAN J. TROXLER,<br><br>Plaintiffs,<br><br>v.<br><br>COHNREZNICK LLP; REZNICK GROUP, P.C.; WENDY R. LANGLAIS-TILLERY,<br><br>Defendants. | CASE NO. 2:13-cv-00948-SS<br>[Hon. Suzanne H. Segal]<br><br>[Discovery Document: Referred to Magistrate Judge Suzanne H. Segal.]<br><br>[~~PROPOSED~~] PROTECTIVE ORDER PUSUANT TO STIPULATION<br><br>Trial Date: May 6, 2014<br>Complaint Filed: February 13, 2013 |

GOOD CAUSE STATEMENT.

The above-captioned action involves, among other things, personal tax returns and the relationship between the defendants. Disclosure of information concerning these issues, as well as others, may require the disclosure of private personal information, trade secrets, or non-public commercial, financial, research, development, technology, business planning, or other proprietary information. Therefore, consistent with the stipulation between defendants CohnReznick LLP, Reznick Group, P.C. and Wendy R. Langlais-Tille and plaintiffs Bryan P. Troxler and

1
[PROPOSED] PROTECTIVE ORDER PURSUANT TO STIPULATION

Susan J. Troxler, and in order to protect the confidentiality of confidential information obtained by the parties in connection with the above-captioned action, the Court hereby orders:

1. This Protective Order Pursuant to Stipulation (the "Protective Order") shall govern the use, handling, and disclosure of all documents, testimony, or information produced or otherwise disclosed ("Produced") in the above-captioned action (the "Action") that is designated by the producing party as "Confidential" (as defined in ¶ 3 below) ("Confidential Information").

2. "Confidential Information" means any documents, testimony, or information that contain private personal information, including tax returns, financial statements, banking and accounting records, and trust documents, trade secrets, or constitutes non-public commercial, financial, research, development, technology, business planning, or other proprietary information, including information related to the combining of business entities, and the producing party designates as "Confidential" and represents to be properly the subject of a protective order pursuant to Federal Rules of Civil Procedure Rule 26.

3. A producing party shall designate a document or information, or a portion of a document or information, as "Confidential" only if it has good faith belief that the designated portion of the document or information contains private personal information, trade secrets, or constitutes non-public commercial, financial, research, development, technology, business planning, or other proprietary information.

4. A producing party shall designate Confidential Information in the following manner:

    a. At the time of Production, a document containing Confidential Information shall be so designated by marking each page containing Confidential Information with the legend "CONFIDENTIAL," and the producing party shall contemporaneously notify the recipient in writing which portions (designated by

///

2
[PROPOSED] PROTECTIVE ORDER PURSUANT TO STIPULATION

document control number) of the Produced document or information has been so designated.

   b. Any response to an interrogatory or request for admission that contains Confidential Information shall be so designated by imprinting or affixing "CONFIDENTIAL" next to or above the response.

   c. Any of the parties may designate as containing Confidential Information any testimony at a deposition or hearing, transcript pages, or exhibits that contain Confidential Information by stating either designation on the record at the deposition or hearing, or by written notice to counsel for the opposing parties no later than fifteen (15) days after the receipt of the transcript of the deposition or hearing.

   d. Any of the parties may designate as containing Confidential Information testimony that is not transcribed by written notice to counsel for the opposing parties no later than thirty (30) days after the testimony is given. Regardless of whether any of the parties designates as containing Confidential Information testimony that is not transcribed, all testimony that is not transcribed shall be treated as Confidential Information until fifteen (15) days after the testimony is given.

  5. A non-party witness may designate any document which it is producing and which it believes contains confidential or proprietary business information and/or trade secrets as "Confidential" pursuant to the terms of this Protective Order by stamping it with such designation as detailed in Paragraphs 3 and 4 of this Protective Order.

  6. Documents, testimony, or information obtained through discovery in this Action, which is designated as Confidential Information, may be used or disclosed solely for the prosecution or defense of this Action.

  7. A receiving party may disclose materials designated as "Confidential" only to:

   a. A party, director, partner, in house counsel, officer or employee with knowledge of the facts underlying this matter of a party to this Action;

     b.     Counsel of record for the parties or agents of such counsel, including professionals or non-professionals assisting with the litigation of this matter;

     c.     Independent experts and consultants who are providing advice in connection with the litigation or preparation for the trial of this litigation;

     d.     A non-party witness at any interview, deposition, hearing or trial in this Action;

     e.     A court reporter or videographer recording testimony in this Action;

     f.     The Court and its employees whose duties require access to the Confidential Information;

     g.     Any mediator or settlement officer appointed by the Court or agreed to by the parties;

     h.     Any other person only upon further express order of the Court or written consent of the producing party; or

     i.     Any trier of fact, including the judge and jury.

8.     Inadvertent failure to designate documents or other materials as Confidential Information at the time of production shall not waive a party's right to later make such a designation. However, no party shall be deemed to have violated this Order, if, prior to notification of any later designation, such document or material has been disclosed or used in a manner inconsistent with such later designation. Once such a designation has been made, however, the relevant documents or materials shall be treated as Confidential in accordance with this Order.

9.     Subject to paragraph 12 hereof, the terms of this Protective Order apply to any Confidential Information produced before or after it is entered, and the terms of this Protective Order shall be binding upon the parties to this Action and their counsel, as well as on any deponents or witnesses in this Action and their counsel.

10.     If during the course of a deposition taken in this Action any questions are to be asked or any answers are to be given containing Confidential Information or

4

[PROPOSED] PROTECTIVE ORDER PURSUANT TO STIPULATION

Case 2:13-cv-00948-S Document 27-1 Filed 06/03/13 Page 5 of 11 Page ID #:131

regarding any material designated "Confidential," then only persons designated in paragraph 7(a), 7(b) and 7(c), the deponent (and the deponent's counsel in the case of a separately represented non-party), and the court reporter and/or videographer shall be allowed to be present during such portion of the deposition, and that portion of the deposition shall be designated "Confidential." This paragraph shall not be deemed to authorize disclosure of any Confidential Information to any person to whom disclosure is prohibited under this Protective Order.

11. All parties and their attorneys and all deponents and trial witnesses and their attorneys shall take all necessary and proper steps to preserve the confidentiality of all Confidential Information. The designated material shall not be disclosed to anyone other than in connection with this Action and shall not be disclosed by the recipient to anyone other than those persons designated in paragraph 7. If material so designated is disclosed to any person other than in the manner authorized in this Protective Order, the party responsible for the disclosure will immediately, upon learning of such disclosure, inform the designating party of all pertinent facts relating to such disclosure and shall make every effort to prevent disclosure by each unauthorized person who received such materials.

12. Before any disclosure of Confidential Information to any individual or entity identified in sub-paragraphs 7(c)[1], (d), and (h) above, that individual or entity will be given a copy of this Protective Order and shall acknowledge in writing, in the form of the "Declaration and Undertaking" attached as Exhibit "A" hereto, that he or she has received a copy of this Protective Order, has reviewed it and understands it, and will comply with its terms in all respects. If any such person or entity refuses to

---

[1] With respect to independent experts and consultants, there need only be one Declaration and Undertaking executed by a representative of the experts' and/or consultants' firm, which will thereby be deemed to be executed on behalf of the firm and each of its employees, members, partners, shareholders, agents and/or independent contractors, who view Confidential Information.

sign such Declaration and Undertaking, all parties hereto, through their counsel of record, agree to support any application to the Court that such witness be compelled to abide by the terms of this Protective Order and/or that such witness be excused from signing this Protective Order if the Court so determines. The named counsel of record who have secured such a Declaration and Undertaking from any individual or entity shall maintain it in his/her files until the conclusion of this action, including any appeals. Absent the counsel of record's consent, a Declaration and Undertaking may be discovered only by order of the Court for good cause shown, on written notice to the Court.

13. In no event shall Confidential Information be left in the possession of the witness. To the extent a witness testifies regarding such documents, counsel may direct that any exhibits to the deposition transcript designated as Confidential be excluded from the copy of the deposition transcript provided to the deponent.

14. The inadvertent, unintentional, or in camera disclosure or production of designated and undesignated documents and information contained therein shall not be deemed a waiver, in whole or in part, of any party's claims of attorney-client or attorney work product privilege, provided that the producing party, within a reasonable time, notifies the receiving party of its claim of privilege. After being notified, a party must promptly return, sequester, or destroy the specified documents or information and any copies. The producing party must preserve it pending a ruling by the Court.

15. Nothing in this Protective Order shall be construed to prevent a party to this Action from opposing the designation of materials to be delivered as "Confidential." A party opposing the designation of materials to be delivered as "Confidential" shall serve a written objection, including a statement of the ground for objection, on the producing party. The producing party will have ten (10) days following the receipt of the objection to withdraw its "Confidential" designation. If the "Confidential" designation is not withdrawn, the objecting party may move the

6
[PROPOSED] PROTECTIVE ORDER PURSUANT TO STIPULATION

Court for an order removing the designation, *following the procedures in Local Rule 37.* (SBS). The party claiming confidentiality shall bear the burden of establishing that the material in question in fact warrants protection under the terms of this Protective Order. Until an objection has been resolved by agreement of counsel, or in the event a motion has been filed as prescribed above, by order of the Court, the designated material shall be treated as Confidential Information and used only in accordance with the limitations set forth in this Protective Order.

16. If at any time any Confidential Information is requested by any court, administrative agency, legislative body or other person or entity through subpoena or other compulsory process, the person receiving such subpoena or compulsory process (the "Receiving Party") shall as permitted by law give written notice to counsel for the designating party that such a request has been received. The written notice shall include the date of any proposed disclosure of such Confidential Information and such other information necessary to permit the designating party to intervene and oppose the disclosure of Confidential Information in response to that request. It shall be the obligation of the designating party to obtain a court order or other lawful relief to preclude or restrict production of any Confidential Information requested pursuant to a subpoena or other compulsory process.

17. No party shall argue, question, or imply in any way, before a jury or other trier of fact, that the designation of any Confidential Information as Confidential under this Protective Order is improper or suspicious.

18. No later than sixty (60) days following the conclusion of all proceedings in this Action, including but not limited to any appeals, all Confidential Information received by any party, regardless of the form in which the information has been stored, recorded, or preserved, shall, upon written request by the producing party, be either returned to the producing party or destroyed under the supervision of counsel of record for the recipient, with a certificate of destruction furnished to counsel for the producing party, provided that counsel of record retain for its files, subject to the continuing strictures of this Protective Order, copies of pleadings, affidavits, briefs,

and memoranda filed in this proceeding, transcripts of all depositions (with exhibits) taken, and all of its own work product generated in connection with this action.

19. This Protective Order shall remain binding after the conclusion of this litigation unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all parties and persons subject to this Protective Order for the purpose of enforcing the provisions of this Protective Order and to enter such orders as may be necessary to compel and impose sanctions for any violation. This Protective Order is without prejudice to and does not impair the ability or rights of any party to move for the lifting or modification of this Protective Order.

20. Nothing contained in this Protective Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility or discoverability of any information or documents furnished pursuant to the terms of this Protective Order.

DATED: 6/4/13

_____
HON. SUZANNE H. SEGAL
United States Magistrate Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN P. TROXLER; and SUSAN J. TROXLER, <br><br>Plaintiffs, <br><br>v. <br><br>COHNREZNICK LLP; REZNICK GROUP, P.C.; WENDY R. LANGLAIS-TILLE, <br><br>Defendants. | CASE NO. 2:13-cv-00948-SS <br>[Hon. Suzanne H. Segal] <br><br>Trial Date: May 6, 2014 <br>Complaint Filed: February 13, 2013 |

## DECLARATION AND UNDERTAKING

I hereby acknowledge that I will be receiving Confidential Information pursuant to the terms of the Stipulated Protective Order entered in the above-referenced Action. I have been given a copy of and have read and understand the Stipulated Protective Order, and I agree to be bound by the terms and conditions of the Stipulated Protective Order with respect to the Confidential Information I will be receiving. I agree that I will not make copies of any Confidential Information, and I will not disseminate or publicize any document, transcript or information, or any information derived from or contained in such Confidential Information.

///

///

///

///

///

///

9

[PROPOSED] PROTECTIVE ORDER PURSUANT TO STIPULATION

I further understand that the Court has ordered that the documents marked "Confidential" must be kept confidential. Violation of the Court's Order can be punished by contempt of court, which can include monetary fines or even jail. If you have any questions regarding the Court's Order or this notice, you are advised to consult with legal counsel.

Executed this ___ day of _____, 2013.

_____
Signature

_____
Printed Name
On Behalf of Firm Name if Applicable

tipulation
:13-cv-00948-SS 2:13-cv-00948-SS  Document 28   Filed 06/04/13   Page 11 of 11   Page ID #:148
roxler et al v. Cohnreznick LLP
t al

IJDAP_CONSENT

## UNITED STATES DISTRICT COURT for the CENTRAL DISTRICT OF CALIFORNIA

otice of Electronic Filing

ie following transaction was entered by Tran, Trang on 6/3/2013 at 1:59 PM PDT and filed on 6/3/2013
ase Name:        Bryan P Troxler et al v. Cohnreznick LLP et al
ase Number:      2:13-cv-00948-SS
iler:            Cohnreznick LLP
ocument Number: 27

ocket Text:
TIPULATION for Protective Order filed by defendant Cohnreznick LLP. (Attachments: # (1) Proposed rder Pursuant to Stipulation)(Tran, Trang)

**13-cv-00948-SS Notice has been electronically mailed to:**

ıris W Halling    challing@hallingsokol.com

ırrett Fahy    gfahy@cgdrblaw.com

ang T Tran    ttran@garrett-tully.com, bpena@garrett-tully.com

illiam G Lieb    wlieb@hallingsokol.com

**13-cv-00948-SS Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**

ie following document(s) are associated with this transaction:

ocument description:Main Document
riginal filename:C:\fakepath\Stipulation for Protective Order.pdf
lectronic document Stamp:
TAMP cacdStamp_ID=1020290914 [Date=6/3/2013] [FileNumber=15699721-0]
1ddbef52bcd24a8a527d66df3953c3771778b49ffc2e2631778b5fabf2d531bb7c5
36ca05405411faa0d216557554cc927d6a9178452d29bb192550955c2d]]
ocument description:Proposed Order Pursuant to Stipulation
riginal filename:C:\fakepath\[Proposed] Protective Order Pursuant to Stipulation.pdf
lectronic document Stamp:
TAMP cacdStamp_ID=1020290914 [Date=6/3/2013] [FileNumber=15699721-1]
6b935193f15247750288566f8ecd3529b7ee3d4ec17e9e8ad61576f7f361fcc16f1
ic4ffcc42eb83db8d6b0ada264bbb32358d7fefb518f4d1382186710d9b]]